**DLA PIPER LLP (US)**
Patrick Park (SBN 246348)
Patrick.park@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Telephone:  310.595.3000
Facsimile:  310.595.3300

**DLA PIPER LLP (US)**
Jennifer Librach Nall (SBN 24061613)
Jennifer.Nall@dlapiper.com
303 Colorado Street, Suite 3000
Austin, Texas 78701-4653
Telephone:  512. 457.7000
Facsimile:  512.457.7001

**DLA PIPER LLP (US)**
Catherine Huang (SBN 299696)
Catherine.huang@us.dlapiper.com
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone:  619.699.2700
Facsimile:  619.699.2701

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RACHEL YATES,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 2:21-cv-07491-JAK(GJSx)<br><br>**AMAZON'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**<br><br>DATE: April 25, 2022<br>TIME: 8:30 am<br>PLACE: Courtroom 10B<br>JUDGE: Hon. John A. Kronstadt |

EAST\186640069.9

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via a phone call on December 13, 2021. PLEASE TAKE NOTICE THAT on April 25, 2022 at 8:30 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Central District of California, located at United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Courtroom 10B, before the Honorable John A. Kronstadt, Defendant Amazon.com, Inc. will move, and hereby presents for hearing by the Court, this motion to dismiss Plaintiff Rachel Yates's Amended Complaint (Dkt. No. 22) for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the reasons set forth below.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, and such additional papers and arguments as may be presented at or in connection with the hearing.

By: */s/ Jennifer Librach Nall*
Jennifer Librach Nall

*Attorneys for Defendant*
Amazon.com, Inc.

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT ................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

    A. Procedural History ............................................................................ 2

    B. The '650 Patent ................................................................................. 3

    C. The Accused Products ...................................................................... 4

III. LEGAL STANDARD .................................................................................. 5

    A. Motion to Dismiss Pursuant to Rule 12(b)(6) .................................. 5

    B. Pleading Standard for Direct Infringement ...................................... 6

IV. ARGUMENT ................................................................................................ 6

    A. Plaintiff's Amended Complaint Fails to Adequately Plead Patent Infringement Because It Merely Concludes the Accused Products Infringe Claim 6 ............................................................................... 6

    B. Plaintiff's Allegations Of Infringement Are Facially Implausible Because The Facts Alleged Are Inconsistent With Infringement ........ 8

    C. The Amended Complaint Should Be Dismissed With Prejudice ...... 11

V. CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... passim

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 1, 5

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ......................................................................... passim

*Celgene Corp. v. Mylan Pharms. Inc.*,
  17 F.4th 1111 (Fed. Cir. 2021) ............................................................................ 8, 9

*e.Digital Corp. v. iBaby Labs, Inc.*,
  No. 15-CV-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ........ 6, 10

*Hicks v. PGA Tour, Inc.*,
  897 F.3d 1109 (9th Cir. 2018) ............................................................................... 6

*Laitram Corp. v. Rexnord, Inc.*,
  939 F.2d 1533 (Fed. Cir. 1991) ............................................................................. 6

*Metricolor LLC v. L'Oreal S.A.*,
  No. CV 18-364-R, 2018 WL 5099496 (C.D. Cal. Aug. 15, 2018), *aff'd in part, vacated in part, remanded,* 791 F. App'x 183 (Fed. Cir. 2019) .......... 10, 11

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ................................................................................ 5

*N. Star Innovations Inc. v. Kingston Tech. Co., Inc.*,
  No. SA CV 17-01833-DOC (DFMx), 2018 WL 3155258, at *1 (C.D. Cal. May 7, 2018), *report and* recommendation *adopted,* 2018 WL 3155708 (C.D. Cal. June 25, 2018) ................................................................................ 6, 7

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ............................................................................. 6

*Rachel Yates v. Petco Animal Supplies Stores, Inc.*
  (Case No. 2-21-cv-06204-JAK-GJS, Dkt. No. 24) ............................................... 2

*Rachel Yates v. PetSmart LLC*
  *f/k/a PetSmart, Inc.* (Case No. 2-21-cv-06205-MCS-PD, Dkt. No. 25) ............... 2

*Rachel Yates v. Walmart, Inc.*
  (Case No. 2-21-cv-07519-CJC-RAO, Dkt. No. 1) ............................................... 2

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) .............................................................................. 11

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*SCG Characters LLC v. Telebrands Corp*,
  2015 WL 4624200 (C.D. Cal. Aug. 3, 2015) ...................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 2, 5

L.R. 83-1.3.1 ........................................................................................................... 2

I.  SUMMARY OF ARGUMENT

Amazon.com, Inc. ("Amazon" or "Defendant") moves to dismiss Rachel Yates's ("Plaintiff") First Amended Complaint For Patent Infringement ("Amended Complaint," Dkt. No. 22) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The pleading standards set forth in *Iqbal* and *Twombly*—and the Federal Circuit's precedent applying the same—require, at a minimum, that Plaintiff's Amended Complaint contain factual allegations sufficient to enable the reasonable inference that each of the accused products practice every element of an asserted patent claim. Plaintiff has not, and cannot, satisfy this minimum requirement for two reasons.

First, Plaintiff's own Amended Complaint establishes that none of the forty-one accused products practice all of the limitations recited in Claim 6 of U.S. Patent No. 6,708,650 (the "'650 Patent")—the lone patent claim asserted against Amazon. Claim 6 is directed to a pet harness comprising of at least nine individual claim elements, including a first and second adjuster, a first and second leg loop, and a strap having a particular structure that is "installed on the chest . . . or on the rear end" of the four-legged animal in a specific way. Dkt. No. 22, ¶ 19 (text of Claim 6). For each of the forty-one accused products, Plaintiff provides a link that, when followed, contains photographs of each accused product. *Id*. ¶ 13; *see also* Declaration of Jennifer Librach Nall ("Nall Decl."), Appendix A (reproducing the Amended Complaint's chart listing accused products, with screenshots from the product links provided in that chart). The photographs of the accused products show that none of them includes all the elements of Claim 6. Under Federal Circuit law, Plaintiff's allegations are inconsistent with infringement, and they can and should be dismissed for failure to state a plausible claim for relief.

Second, Plaintiff's infringement analysis is predictably limited to a single paragraph that makes no attempt to map the elements of Claim 6 to any of the forty-one accused products. Instead, Plaintiff resorts to simply parroting the language of

Claim 6 and then concluding that the accused products infringe. *See id.* ¶ 20 ("Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop…"). Plaintiff's conclusory allegations, bereft of any factual content whatsoever, fail to provide fair notice to Amazon of Plaintiff's infringement theory.

For these reasons, and as set forth in further detail below, Amazon respectfully requests that this Court dismiss, with prejudice, the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

Plaintiff filed this lawsuit on September 20, 2021, alleging that Amazon directly and indirectly infringes both Claim 1 and Claim 6 of the '650 Patent. Dkt. No. 1, ¶¶ 17-20. On November 21, 2021, Plaintiff filed its First Amended Complaint, which removed all allegations relating to Claim 1 and of indirect infringement. Plaintiff's operative Amended Complaint thus alleges direct infringement of Claim 6 of the '650 Patent only. Dkt. No. 22, ¶¶ 17-20.

Plaintiff has filed three additional lawsuits in this District, each of which also asserts direct infringement of Claim 6 of the '650 patent: (1) *Rachel Yates v. Petco Animal Supplies Stores, Inc.* (Case No. 2-21-cv-06204-JAK-GJS, Dkt. No. 24), which was filed on July 31, 2021 and is pending before Judge Kronstadt; (2) *Rachel Yates v. PetSmart LLC f/k/a PetSmart, Inc.* (Case No. 2-21-cv-06205-MCS-PD, Dkt. No. 25), which was filed on July 31, 2021 and is pending before Judge Scarsi; and (3) *Rachel Yates v. Walmart, Inc.* (Case No. 2-21-cv-07519-CJC-RAO, Dkt. No. 1), which was filed on September 20, 2021 and is pending before Judge Carney.[1]

---

[1] On December 14. 2021, Amazon filed a Notice of Related Civil Cases pursuant to L.R. 83-1.3.1. *See* Dkt. No. 26.

AMAZON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 2
EAST\186640069.9

### B. The '650 Patent

The '650 Patent is titled "Method for installing an exercising harness on an animal." '650 Patent (Dkt. No. 25-1, Exhibit A). The '650 Patent is directed to two distinct purported inventions: (1) a method of installing admittedly prior-art dog harnesses on the rear of an animal instead of the front (*id*. at Claim 1), and (2) an animal harness configured using a single strap in a purportedly novel manner (*id*. at Claim 2).

Most of the specification and figures are devoted to describing the purportedly novel method. Figures 1 to 15 of the '650 Patent depict admitted prior-art harnesses already disclosed in various prior-art patents, which are installed on the front and rear ends of a dog. The '650 Patent admits the various harnesses themselves are not novel and were known in the prior art, and specifically identifies the prior art by patent number[2]. *See, e.g.*, *id*. at 3:3-5 ("FIG. 1 shows a dog wearing a harness according to U.S. Pat No. 5,329,885 installed according to the method disclosed therein."). It is only the method of installing the prior art harnesses on the rear of the dog that Plaintiff claims to be new. *See, e.g.*, *id*. at 3:6-8 ("FIG. 1A shows a dog wearing the harness of U.S. Pat No. 5,329,885 installed according to the method of the present invention."). By way of the Amended Complaint, Plaintiff no longer accuses Amazon of infringing Claim 1 directed to this method. *See* Dkt. No. 22-2 at 13.

The last five paragraphs of the specification of the '650 Patent describe the purportedly novel harness recited in Claim 6. *See* '650 Patent at 11:10-12:6 ("Referring now to FIG. 16, there is shown a harness 300 according to the present invention…."); *see also id*. at 3:51-52. The description of the claimed harness simply points out the elements in FIG. 16. *See id*. at 11:10-30. Figure 16 is reproduced below for reference.

---

[2] U.S. Patent No. 5,329,885 (inventor, Joseph S. Sporn); U.S. Patent No. 5,359,964 (inventor, Joseph S. Sporn); U.S. Patent No. 5,934,224 (inventor, Joseph S. Sporn); U.S. Patent No. 5,676,093 (inventor, Joseph S. Sporn).



Claim 6 is reproduced below with limitations relevant to this motion emphasized.

> 6. A harness for a four-legged animal, the harness comprising:
>
> a first adjuster;
>
> a second adjuster;
>
> *a strap* having *a first end loop and a second end loop*;
>
> a first leg loop; and
>
> a second leg loop,
>
> wherein *the strap* extending from the first end loop is *inserted*
>
> *through the first leg adjuster* and then back through the first leg adjuster forming the first leg loop,
>
> *then through the second adjuster* and back through the second adjuster forming the second leg loop, and
>
> *then through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening*, wherein the triangular opening is for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

*Id*. at Claim 6 (emphasis added).

### C. The Accused Products

The Amended Complaint alleges that Amazon infringes the '650 Patent insofar as Amazon "makes, uses, sells, offers for sale, and/or imports" forty-one separate animal harness products (the "accused products"). Dkt No. 22, ¶ 13. The Amended

Complaint then purports to list the "Maker," "Product," and Amazon "Product Link" for the forty-one accused products. *Id*. That is the only detail provided in the Amended Complaint about the accused products.

### III. LEGAL STANDARD

#### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks, citations, and alterations omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to overcome a motion to dismiss. *Id.*

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556) (emphasis added). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (stating that factual allegations "merely consistent with liability stop[] short of the line between possibility and plausibility"). Determining plausibility is a "context-specific task that requires drawing on judicial experience and common

sense." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 679).

### B. Pleading Standard for Direct Infringement

"The Court applies the analysis of *Twombly/Iqbal* to claims of direct infringement." *N. Star Innovations Inc. v. Kingston Tech. Co., Inc.*, No. SA CV 17-01833-DOC (DFMx), 2018 WL 3155258, at *1 (C.D. Cal. May 7, 2018), *report and recommendation adopted*, 2018 WL 3155708 (C.D. Cal. June 25, 2018). "To adequately allege direct infringement, a plaintiff must allege facts sufficient to permit the Court to infer that the accused product infringes *each* element of at least one claim." *Id*. (emphasis in original). This is because "the failure to meet a single limitation is sufficient to negate infringement of a claim." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

Further, "[u]nder *Iqbal/Twombly*, allegations that are merely consistent with infringement are insufficient." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). Where "the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim." *Id.* (emphasis in original). "[W]hile a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court." *Id*. (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1348-50 (Fed. Cir. 2018)). Such is the case here.

## IV. ARGUMENT

### A. Plaintiff's Amended Complaint Fails to Adequately Plead Patent Infringement Because It Merely Concludes the Accused Products Infringe Claim 6

Plaintiff fails to adequately plead facts that, if taken as true, would show that any of the accused products infringe Claim 6 of the '650 Patent. Nor does the Amended Complaint include any analysis or description to put Amazon on fair notice of how Plaintiff contends that any accused product allegedly practices Claim 6.

1
2
3
4
5

Indeed, Plaintiff makes no effort to identify even a single allegedly infringing feature in any of the accused products, much less does it set out any facts that would plausibly establish that any accused product has each and every element recited in Claim 6. Amended Complaint includes a single boilerplate paragraph that simply repeats the language of Claim 6, as follows:

6
7
8
9
10
11
12

> 20. Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop, the first and second adjusters, the first leg loop and second leg loop. Each and every one of the Accused Products includes the strap extending from the first end loop inserted through the first leg adjuster and then back through the first leg adjuster forming the first leg loop, and then through the second adjuster and back through the second adjuster forming the second leg loop, and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

13
14
15
16
17

Dkt. 22, ¶ 20. Paragraph 20 is nothing more than a threadbare recital of the limitations of Claim 6, which are mere conclusory statements, and offers no factual support to allow Amazon to reasonably understand the allegations made against it or how the accused products meet the limitations of Claim 6, or even to allow the Court to draw the reasonable inference that Amazon is liable for the misconduct alleged.

18
19
20
21
22
23
24
25
26
27
28

As the Federal Circuit has held, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and ***merely concluding*** that the accused product has those elements." *Bot M8*, 4 F.4th at 1353 (emphasis added). Instead, "[t]here must be some factual allegations that, when taken as true, articulate ***why it is plausible*** that the accused product infringes the patent claim." *Id.* (emphasis added). Paragraph 20, however, is wholly redundant to Paragraph 19, and amounts to no more than a "legal conclusion couched as a factual allegation," which the Court is not bound to accept as true. *Iqbal*, 556 U.S. at 678. Accordingly, courts in this District have found such allegations to be insufficient. *See N. Star Innovations*, 2018 WL 3155258, at *2-4 (dismissing complaint that "simply

parrots the claim language" and "fails to provide any factual allegations that are not direct recitations of each claim's limitations").

Furthermore, while the pleading standards set forth by *Twombly/Iqbal* are universal, "[t]he level of detail required in any given [patent] case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8*, 4 F.4th at 1353. The salient feature of the purported invention of Claim 6 is a single strap that forms both (a) two leg loops 306, 312 and (b) a triangular opening 330 for either the head or the tail of the animal. *See* '650 Patent (Dkt. No. 22-1, Ex. A), Cl. 6. The Amended Complaint fails to provide any factual support explaining how this salient feature is present in the accused products. And, as discussed below, this single-strap feature or structure is wholly absent from all accused products. As such, Plaintiff's failure to allege any facts related to this claim limitation, or to any limitation at all, is particularly stark in view of even the most basic comparison of Claim 6 to the accused products.

Because Plaintiff fails to allege any facts that would allow the Court to plausibly infer that even one of the accused products practices all limitations of Claim 6, the Amended Complaint fails to state a claim for patent infringement and fails to provide fair notice to Amazon of Plaintiff's infringement allegations.

### B. Plaintiff's Allegations Of Infringement Are Facially Implausible Because The Facts Alleged Are Inconsistent With Infringement

In addition to the fact that Plaintiff has not mapped the limitations of Claim 6 of the '650 Patent to the accused products, Plaintiff's infringement allegations are plainly contradicted by the images and configurations of the accused products shown at the website links listed in the Amended Complaint,[3] making any effort to amend the complaint futile. *See* Dkt. No. 22, ¶ 13. Because each of the configurations of the

---

[3] "A document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1128 (Fed. Cir. 2021).

accused products is "actually inconsistent with and contradict[s] infringement," Plaintiff's allegation of infringement of Claim 6 is "insufficient to state a plausible claim." *Bot M8*, 4 F.4th at 1354.

Specifically, Claim 6 recites an "animal harness" with a "strap having a first end loop and a second end loop" (i.e., a single strap with a loop on each of its two ends). '650 Patent, 12:66-13:4. The claim further requires that "***the strap*** extending from the first end loop" is inserted: (i) "***through***" a first leg adjuster and "***then back through***" the first leg adjuster to form a first leg loop, (ii) "***then through***" a second adjuster and "***back through***" the second adjuster to form a second leg loop, and (iii) "***then through***" the strap's first end loop to form a "triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening." *Id.* at 13:7-14:1. In other words, Claim 6 requires *both* (1) a *single* strap that weaves through the leg adjusters to form both "leg loops" and the "triangular-shaped opening," and (2) that the end of the strap "extending from the first end loop" is ultimately (after forming the rest of the harness) inserted *through* the "first end loop" of the same strap. *See* Dkt No. 22, ¶ 20 (repeatedly referencing "the strap"). It is not enough for Plaintiff to assert infringement simply because the accused products are animal harnesses along with a conclusory statement that the products infringe. *See Ashcroft*, 556 U.S. 544 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Yet, that is all Plaintiff has done here.

None of the accused products possess the features recited in Claim 6. Most fundamentally, none of the accused products possess a single strap that forms both two leg loops and a triangular opening. By way of example, the website links listed in the Amended Complaint for the first two accused products show the following images:[4]

---

[4] Am. Compl. at ¶ 13 (providing product links "https://www.amazon.com/Adjustable-Mountain-Best-Pet-Supplies/dp/B01MRSDAVC/ref=sr_1_380?dchild=1&keywords=pet+Harness&m=ATVPDKIKX0DER&qid=1632003698&refinements=p_6%3AATVPDKIKX0DER&rnid=2661622011&s=pet-supplies&sr=1-380)" and "https://www.amazon.com/Coastal-Pet-Comfort-Adjustable-Harness/dp/B0036PFUM4/ref=sr_1_1060?dchild=1&keywords=pet+Harness&m=ATVPDKIKX0DER&qid=1632004641&refinements=p_6%3AATVPDKIKX0DER&rnid=2661622011&s=pet-supplies&sr=1-1060"; *see also Celgene Corp.*, 17 F.4th at 1128 ("A document integral to or



Dkt. No. 22, ¶ 13 ("Product Link" for rows 1-2). As shown, the accused products do not possess (1) a ***single*** strap that weaves through the leg adjusters to form both "leg loops" and the "triangular-shaped opening," nor an (2) end of the strap "extending from the first end loop" that is ultimately (after forming the rest of the harness) inserted ***through*** the "first end loop" of the same strap. Attached as Appendix A are screenshots from the product links provided by Plaintiff for each of the forty-one accused products showing that none of the products possess such a configuration. Nall Decl., Appendix A. As such, Plaintiff cannot allege facts supporting its allegation that even a single accused product satisfies the limitations of Claim 6. Instead, there is a complete lack of proof as to any of the accused products.[5] And, to be clear, claim construction is not required to reach this conclusion. These are expressly recited elements of Claim 6 that are plainly missing from the accused products.

Because "the failure to meet a single limitation is sufficient to negate infringement of a claim," *e.Digital Corp.*, 2016 WL 4427209, at *3, these flaws are

---

explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.").

[5] Should this case progress past the pleading stage, Amazon expects to contest Plaintiff's accusations on the merits by showing that Amazon's accused products do not practice several limitations of Claim 6. Amazon focuses here on these limitations because they most plainly show the implausibility of Plaintiff's allegations and that the Complaint fails to advise Amazon of the basis of Plaintiff's allegation of infringement.

fatal to Plaintiff's infringement case. *See Metricolor LLC v. L'Oreal S.A.*, No. CV 18-364-R, 2018 WL 5099496, at *4 (C.D. Cal. Aug. 15, 2018) (dismissing claims of patent infringement where images in the complaint demonstrated that the accused products failed to meet all limitations of the asserted claims), *aff'd in part, vacated in part, remanded*, 791 F. App'x 183 (Fed. Cir. 2019).[6] As in *Bot M8*, Plaintiff here has essentially pleaded itself out of court. 4 F.4th at 1354 ("As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court."). Plaintiff does nothing more here than make a conclusory allegation of infringement, and has refused Amazon's request for a factual pleading apparently because any effort to do so would only serve to highlight the contradiction between the animal harness recited in Claim 6 and the configurations of the accused products.

Thus, because Plaintiff has not pleaded facts sufficient to support a plausible inference that any of the accused products practices all limitations of Claim 6—and has, in fact, demonstrated that such an inference is facially implausible—Plaintiff's allegations of patent infringement should be dismissed.

### C. The Amended Complaint Should Be Dismissed With Prejudice

Dismissal with prejudice is appropriate when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."); *SCG Characters LLC v. Telebrands Corp*, 2015 WL 4624200, at *8 (C.D. Cal. Aug. 3, 2015) ("Because the Court concludes amendment would be futile, the patent infringement claim is dismissed with prejudice."). Dismissal with

---

[6] The Federal Circuit affirmed the district court's dismissal of the patent infringement claims in *Metricolor* on this basis. *See* 791 Fed.Appx. 183 at 188 ("We agree with the district court that Metricolor failed to sufficiently plead a claim of patent infringement in its complaint. . . . [T]he district court aptly noted that the Redken pH-Bonder product has an 'open hole at the base of the bottle,' plainly contradicting its allegation of an 'air-tight' seal.").

prejudice is appropriate here. Plaintiff has already amended its complaint once and no matter how tortured the comparison, no additional revisions to the pleading could change the configuration of the accused products into one that infringes Claim 6 of the '650 Patent. As such, Plaintiff's allegations of infringement should be dismissed with prejudice.[7]

## V. CONCLUSION

For the reasons set forth above, Plaintiffs' Amended Complaint does not set forth factual allegations sufficient to support its sole claim for infringement of Claim 6 of the '650 Patent and further fails to give Amazon fair notice of a cognizable claim and the grounds on which it rests. Accordingly, Amazon respectfully requests that the Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. Because leave to amend would be futile, Amazon further requests dismissal with prejudice.

Dated: December 22, 2021     Respectfully submitted,

*/s/ Jennifer Librach Nall*
Jennifer L. Nall (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
303 Colorado Street, Suite 3000
Austin, Texas 78701-4653
Tel: 512.457.7000
Fax: 512.457.7001
jennifer.nall@dlapiper.com

---

[7] In the event the Court dismisses the Amended Complaint without prejudice, Amazon respectfully requests that the Court order Plaintiff upon refiling to identify how each accused product meets the limitations of Claim 6 and how each accused product directly infringes the '650 Patent. This will provide Amazon notice in a Second Amended Complaint (unlike the First Amended Complaint) regarding how specifically the accused products purportedly infringe Claim 6 of the '650 Patent.

|    |    |
|----|----|
| 1  |    |
| 2  | Patrick Park (SBN 246348) |
| 3  | **DLA PIPER LLP (US)** <br> 2000 Avenue of the Stars, Suite 400 North Tower |
| 4  | Los Angeles, CA 90067-4704 |
| 5  | Tel: 310.595.3000 <br> Fax: 310.595.3300 |
| 6  | patrick.park@us.dlapiper.com |
| 7  | Catherine Huang (SBN 299696) |
| 8  | **DLA PIPER LLP (US)** <br> 401 B Street, Suite 1700 |
| 9  | San Diego, CA 92101-4297 |
| 10 | Tel: 619.699.2700 <br> Fax: 619.699.2701 |
| 11 | Catherine.huang@us.dlapiper.com |
| 12 | *Attorneys for Defendant Amazon.com, Inc.* |
| 13 |    |
| 14 |    |
| 15 |    |
| 16 |    |
| 17 |    |
| 18 |    |
| 19 |    |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

*/s/ Jennifer Librach Nall*
Jennifer Librach Nall