Chris J. Zhen (SBN 275575)
*chris.zhen@zhenlawfirm.com*
TEL: (213) 935-0715
Hogan Ganschow (SBN 256137)
*hogan.ganschow@zhenlawfirm.com*
TEL: (805) 664-1222
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA  90036

*Attorneys for Plaintiff*
RACHEL YATES

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RACHEL YATES,<br><br>             Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC.,<br><br>             Defendant. | Case No. 2:21-cv-07491-JAK(GJSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT AMAZON'S MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         April 25, 2022<br>Time:        8:30 am<br>Courtroom:  10B<br>Judge:       Hon. John A. Kronstadt |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Amazon.com, Inc. ("Amazon") filed a Rule 12(b)(6) Motion to Dismiss ("Motion") on December 22, 2021.

Defendant's challenges to the sufficiency of Plaintiff's patent infringement claims are without merit. Defendant relies on premature claim construction arguments and non-infringement defenses that are incapable of resolution on a Rule 12(b)(6) motion. Amazon's case dispositive Motion would require the Court to construe Plaintiff Yates' patent claims and then to conduct a literal and doctrine of equivalents infringement analysis. Without fact and expert discovery, including infringement and validity contentions, it is far too early to present fully these significant issues of law and fact. Indeed, it is well-established that resolution of claim construction and infringement is inappropriate on a motion to dismiss.

Defendant Amazon's motion to dismiss would turn a Rule 12(b)(6) on its head, ignoring Yates' properly pleaded allegations and relying on its own claim construction and non-infringement analysis; in effect arguing that the Court should do what it is prohibited from doing when ruling on a Rule 12(b)(6) motion – reject the truth of Plaintiff's allegations, make premature factual determinations and inferences in Defendant's favor, and require Plaintiff to conclusively prove its claims at the pleading stage. Plaintiff's First Amended Complaint ("FAC") more than satisfies minimum pleading requirements.

Accordingly, Defendant's motion to dismiss should be denied.

## II.   DISMISSAL OF PLAINTIFF'S PATENT INFRINGEMENT CLAIMS IS IMPROPER

Defendant's motion is brought under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp.*

1    *Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). All that is required in a pleading is
2    to alert the defendant of what is alleged and plead the elements of the causes of
3    action. Federal Rule of Civil Procedure 8(a)(2) requires only a "short plain
4    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
5    8(a)(2). With that liberal pleading standard, the purpose of a motion under Rule
6    12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief."
7    5B *C. Wright & A. Miller, Federal Practice and Procedure § 1356*, p. 354 (3d ed.
8    2004). Under Rule 8(a), a plaintiff need only plead "enough facts to state a claim to
9    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
10   (2007). "A claim has facial plausibility when the plaintiff pleads factual content that
11   allows the court to draw the reasonable inference that the defendant is liable for the
12   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "The plausibility
13   standard is not akin to a probability requirement, but it asks for more than a sheer
14   possibility that a defendant has acted unlawfully." *Id*. (emphasis added). Further, the
15   Court "accept[s] factual allegations in the complaint as true and construe[s] the
16   pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul
17   Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

18          In the past Form 18 was used for patent suits, and the Federal Circuit held that
19   compliance with Form 18 "effectively immunize[d] a claimant from attack
20   regarding the sufficiency of the pleading." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
21   869 F.3d 1372 (Fed. Cir. 2017) (citing *K-Tech Telecomms., Inc. v. Time Warner
22   Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (internal citation omitted)).

23          On December 1, 2015, Form 18 was abrogated by the Supreme Court; the
24   Federal Circuit, however, stated that the Federal Circuit "never recognized such a
25   distinction [between the requirements of Form 18 and the *Iqbal*/*Twombly*
26   standard]." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017).

27          Because Plaintiff's infringement claims are amply supported by the
28   allegations in the FAC, dismissal is inappropriate under Rule 12(b)(6). *See In re Bill*

*of Lading Transmission & Processing Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)

(citing *Skinner v. Switzer*, 552 U.S. 521, 529-530 (2011)) (Plaintiff need not "prove

its case at the pleading stage").

### A.   PLAINTIFF'S PATENT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLEADED

Plaintiff's patent direct infringement allegations exceed Rule 8's pleading

requirements. Defendant's argument that Plaintiff's allegations are insufficient is

contrary to controlling law and disregards the allegations in the FAC which must be

accepted as true with all reasonable inferences in Plaintiff's favor.

### 1.   Plaintiff Sufficiently Alleges that the Accused Products Infringe Patent 6,708,650

A patent infringement complaint merely "must place the 'potential infringer

… on notice of what activity … is being accused of infringement.'" *Pres. Techs.

LLC v. MindGeek USA Inc.*, 2019 WL 3213585, at *2 (C.D. Cal. Apr. 2, 2019)

(quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F. 3d 1337, 1350 (Fed. Cir. 2018)).

Relying on Federal Circuit precedent, courts in this district hold that patent

infringement allegations are sufficiently pleaded if the patent holder "cite[s] the

patent that is allegedly infringed; … describe[s] the means by which the defendants

allegedly infringe; and … point[s] to the specific sections of the patent law

invoked." *CLM Analogs, LLC v. James R. Gildewell Dental Ceramics, Inc.*, 2018

WL 6380887, at *3 (C.D. Cal. Jun 19, 2018) (citations omitted). Moreover, a

plaintiff is "not require[d] … to plead facts establishing that each element of an

asserted claim is met." *Nalco*, 883 F.3d at 1350. Patent infringement allegations

have been sufficient where "the allegation was merely 'that the accused products

meet each and every element of at least one claim of the [Asserted Patents], either

literally or equivalently.'" *Pres. Techs.*, 2019 WL 3213585, at *2 (quoting *Disc

Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (internal

quotations omitted); *see also Incom Corp. v. Walt Disney Co.*, 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016) ("Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system."); *see also Versata Software, Inc. v. Configit A/S*, LACV2009019JAKMRWX, 2021 WL 5536287, at *12 (C.D. Cal. Sept. 10, 2021) (finding that "identif[ying] the accused products by name … and alleg[ing] that the accused products meet every limitation of at least [one claim of the asserted patents] … plausibly alleges direct infringement").

Here, Plaintiff's FAC specifically identifies the 41 accused infringing products ("Accused Products") starting on page 4, paragraph 13 of the FAC. Dkt. 22. The FAC includes the product name ("Product"), Manufacturer ("Maker"), with a web link ("Product Link") from Defendant's website at Amazon.com for each of the 41 Accused Products; the web links for each product include photos of each product. *Id.* The FAC alleges that the Accused Products "directly infringe either literally or under the doctrine of equivalents, or both, Claim 6 …" of the Asserted Patent. Dkt. 22 at 10, ¶ 17. The FAC alleges that "[e]ach and every one of the Accused Products … includes each and every element of Claim 6." Dkt. 22 at 11, ¶ 20. At the pleading stage, no more is required; Plaintiff's FAC meets the pleading requirements.

These allegations are more than sufficient to plausibly allege that Amazon's Accused Products practice the claimed invention. *See CLM Analogs*, 2018 WL 638-887, at *3 (holding that Rule 8(a) only required plaintiff to cite the asserted patent, describe the means by which defendants allegedly infringe, and point to the patent law invoked); *Incom*, 2016 WL 4942032, at *3; *Endonovo Therapeutics, Inc. v KVP Int'l, Inc.*, 2019 WL 5191856, at *4 (C.D. Cal. June 12, 2019) (Kronstadt, J.) (applying pleading standard articulated in *Disc Disease*, 888 F.3d at 1256, and finding infringement allegations more than sufficient).

### 2.    Defendant's Arguments Improperly Rely on Premature Claim Constructions

Defendant complains that "… Plaintiff has not mapped the limitations of Claim 6 of the '650 Patent to the accused products…" Dkt. 29, at 8. Defendant then offers its own claim construction and implores the Court to ignore the laws governing motions on the pleadings and accept Defendant's version of claim construction. *Id*. Defendant's arguments necessarily implicate issues of claim construction which are premature at the pleading stage. For example, Defendant impermissibly reads limitations into the claims stating that "Claim 6 requires *both* (1) a ***single*** strap…" – the term "single" does not appear anywhere in Claim 6. Dkt 29, at 9.

Defendant, in effect, requests that the Court resolve issues of claim construction in Defendant's favor at the pleading stage and further accept Defendant's anticipated non-infringement defenses based on Defendant's preferred constructions. This is plainly not a permitted ground for dismissal under Rule 12(b)(6). *See Document Sec. Sys., Inc. v. Nichia Corp.*, 2020 WL 3881623, at *2 (C.D. Cal. Mar. 4, 2020) ("It is clear to the Court that this [claim construction issue] should be resolved at the claims construction stage, and not at the dismiss stage.").

Courts typically hear and decide claim construction in conjunction with or prior to a hearing on summary judgment, only after fact and expert discovery have concluded, with a full understanding of the parties' positions on infringement and validity. Amazon seeks to turn the case on its head, to decide the merits before the parties have even had a chance to schedule discovery. Claims must be construed as they would be understood by one skilled in the art at the time of filing the patent application, in light of the intrinsic record and extrinsic evidence. *Markman v. Westview Instruments*, 52 F.3d 967, 979-81 (Fed. Cir. 1995) (*en banc*).

Furthermore, the comparison inquiries required for determining literal infringement and infringement under the doctrine of equivalents are complex

1   questions of fact. *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289 (Fed.

2   Cir. 2021) (infringement comparison is a question of fact); *Graver Tank & Mfg. Co.*

3   *v. Linde Air Prods. Co.*, 70 S. Ct. 854, 857 (1950) ("[a] finding of equivalence is a

4   determination of fact"); *Vehicular Tech. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d

5   1377, 1381 (Fed. Cir. 2000) ("[i]nfringement under the doctrine of equivalents

6   requires an intensely factual inquiry"); *Festo Corp. v. Shoketsu Kinzoku Kogyo*

7   *Kabushiki Co.*, Ltd., 493 F.3d 1368, 1375 (Fed. Cir. 2007) (*en banc*) ("by its very

8   nature objective unforeseeability depends on underlying factual issues").

9         Accordingly, construing patent claims and making determinations of literal

10   infringement and infringement under the doctrine of equivalents are not proper for a

11   motion to dismiss.

12        **3.      If Required, Leave to Amend Would Not Be Futile**

13        Defendant asserts that "[d]ismissal with prejudice is appropriate here" merely

14   because Plaintiff had previously made a prior amendment to the complaint. Dkt. 29,

15   at 11-12.

16        Defendant's Motion appears to insinuate the amendment was necessitated by

17   the pleading standard – "Plaintiff has already amended its complaint once and no

18   matter how tortured the comparison…" Dkt 29, at 12. This is not the case; Plaintiff's

19   First Amended Complaint (FAC) was submitted to streamline the case by removing

20   allegations relating to claim 1 and indirect infringement. *See, e.g.*, Dkt 22-2, at 11.

21   The allegations in the FAC are sufficient to meet the pleading standard.

22        No further amendment is required for the reasons discussed above. If the

23   Court were to find that further allegations are necessary, however, then leave to

24   amend is the proper remedy. *See Doc's Dream, LLC v. Dolores Press, Inc.*, 678 Fed.

25   App'x. 541, 542 (9th Cir 2017); Fed. R. Civ. P. 15(a)(2) (providing the "court

26   should freely give leave [to amend] when justice so requires").

27   **III.   CONCLUSION**

28        For at least the foregoing reasons, Defendant's motion to dismiss pursuant to

1    Rule 12(b)(6) should be denied.

2

3    DATED:  January 19, 2022        ZHEN LAW FIRM

4                                    By:   */s/ Chris J. Zhen*
                                          _____
5                                         CHRIS J. ZHEN
                                    Attorneys for Plaintiff
6                                   RACHEL YATES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 19th day of January, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission, first class mail, and/or electronic mail.

By:     */s/ Chris J. Zhen*

        CHRIS J. ZHEN